STATE OF NORTH CAROLINA v. JANEY KAREN GRAY

No. 8123SC949

(Filed 6 April 1982)

1. **Criminal Law § 73— statements by witness—not inadmissible hearsay**

   The trial court did not err in allowing an agent to testify as to conversations and acts he had with a co-conspirator of defendant where two of the statements involved the agent's restatement of what he had said during a drug transaction, another statement was the agent's description of what occurred, not what was said, during the drug sale, and two statements were of what defendant told the agent.

2. **Criminal Law § 73— testimony as to how agent learned of drug deal—admissible**

   Testimony as to how an agent learned that he would receive seven pills of methaqualone for $18 and testimony as to what the agent actually paid defendant was properly admissible as the agent's testimony that a co-conspirator of defendant informed him of the specifics of the deal was not offered to prove the truth of the matter asserted by the co-conspirator and was, therefore, not objectionable as hearsay.

3. **Criminal Law § 33— questions concerning other undercover operations conducted by agent—not prejudicial**

   Defendant failed to show prejudice in the admission into evidence of other undercover operations conducted by an agent during and immediately after a

drug transaction with the defendant since on cross-examination, defense counsel was free to attack the agent's expertise and to destroy any implications that the defendant was involved, or was a suspect, in any of the agent's other investigations.

**4. Narcotics § 4.7— instructions as to lesser offenses—no error**

The trial court did not err in submitting the offense of possession of methaqualone as a lesser included offense of possession of methaqualone with intent to sell or deliver.

**5. Conspiracy § 6; Narcotics § 4— conspiracy to sell or deliver methaqualone—sufficiency of evidence**

The evidence of conspiracy to sell or deliver methaqualone was sufficient for submission to the jury where the evidence tended to show that the alleged co-conspirator took an agent to defendant's residence; that the co-conspirator met with defendant inside the house and then returned to the agent to communicate the specifics of the deal; that the co-conspirator handled the money in the transaction; and that the co-conspirator, the agent and the defendant consummated the deal in defendant's house. G.S. 15A-1227(d) permitted review of the sufficiency of the evidence despite defendant's failure to interpose motions for dismissal or directed verdict at the close of the State's evidence and again at the close of all the evidence.

**6. Narcotics § 5— judgment not conforming with verdict—error**

The trial court committed prejudicial error in entering judgment for a felony, possession with intent to sell or deliver methaqualone, instead of a misdemeanor, simple possession of methaqualone, where defendant was convicted of the misdemeanor.

APPEAL by defendant from *Long, Judge.* Judgments entered 10 April 1981, in Superior Court, WILKES County. Heard in the Court of Appeals 10 February 1982.

Defendant was charged in separate indictments with three felonies: possession with intent to sell and deliver a Schedule II controlled substance, methaqualone; sale and delivery of methaqualone; and conspiracy with Thomas Gwyn [sic] to sell and deliver methaqualone. At her trial, the State presented evidence tending to show that, on 21 January 1980, Bruce Black, a special undercover agent of the State Bureau of Investigation, called Thomas Quinn to inquire about the purchase of some methaqualone. By arrangement the two men met and proceeded to the home of Richard Clyde Gray. There Agent Black gave Quinn $18 with which to purchase methaqualone. The agent was able to follow Quinn into the house where he met the defendant and observed her producing a pill bottle with seven white tablets which she gave to Black. Quinn paid Black's $18 to the defendant,

and the two men left. An expert in the field of forensic chemistry testified that his analysis of one of the pills showed that it was a Schedule II controlled substance, methaqualone.

The defendant offered no evidence. The jury found defendant guilty of possession of methaqualone, sale and delivery of methaqualone, and conspiracy to sell and deliver methaqualone. From judgment imposing active prison terms, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*Vannoy, Moore & Colvard, by J. Gary Vannoy, for defendant appellant.*

ARNOLD, Judge.

[1]  By her first assignment of error, defendant contends that the trial court erred in allowing Agent Black to testify as to conversations and acts he had with co-conspirator Thomas Quinn. The basis of defendant's contention is that the acts and conversations amounted to inadmissible hearsay. Defendant's assignment of error encompasses six exceptions, two of which involve Black's restatement of what he said during the drug transaction and do not, therefore, fall within the definition of hearsay. Another one of Black's statements to which defendant took exception was his description of what occurred, not what was said, during the drug sale, and we do not find defendant's hearsay argument applicable. Additionally, Agent Black was allowed, on two occasions to which defendant took exception, to testify about what the defendant said to him. The admission of this testimony did not constitute error. "Any statement made by an accused which is relevant to the issue and not subject to some specific exclusionary rule may be received in evidence against him. This is so even when the statements may have been made at a time when they were not against his interest." *State v. Cobb,* 295 N.C. 1, 14, 243 S.E. 2d 759, 766-67 (1978).

[2]  Under this assignment of error, defendant brings forward one final exception which she took to the trial court's admission of Black's testimony about how he learned that he would receive seven pills for his $18. Black's testimony that Quinn informed him of the specifics of the deal, however, was not offered to prove the

truth of the matter asserted by Quinn and was, therefore, not objectionable as hearsay. 1 Stansbury's North Carolina Evidence § 141 (Brandis Rev. 1973). Defendant's first assignment of error is overruled.

In a later, related assignment of error, defendant contends that the trial court erred in allowing hearsay as to what Black paid defendant. Again we rule that the evidence that Quinn informed Black of the terms of the drug deal did not constitute objectionable hearsay because it was not offered to prove the truth of the matter asserted by Quinn. *Id.* We have also determined at this point that, because we have overruled defendant's assignments of error with respect to this evidence, her fourth assignment of error in which she challenges the trial court's summary of the same evidence has no merit.

[3] Defendant next assigns as error the admission into evidence of other undercover operations conducted by Agent Black during and immediately after the drug transaction with the defendant. Defendant's argument is that such testimony was irrelevant, that it added unfairly to the jury's perception of Black's expertise, and that it allowed the jury to speculate too freely on possible links between the defendant and the other investigations. Assuming *arguendo* that the testimony was irrelevant, this Court can find no resulting prejudice to the defendant. On cross-examination, defense counsel was free to attack Black's expertise and to destroy any implications that the defendant was involved, or was a suspect, in any of Black's other investigations.

[4] By her fifth assignment of error, defendant argues that the trial court erred in charging the jury that possession of methaqualone is a lesser included offense of possession with intent to sell or deliver methaqualone. Defendant's argument has no merit.

Under the general rule in North Carolina, simple possession of contraband is a lesser included offense of possession with intent to sell or deliver the same substance, *State v. Aiken*, 286 N.C. 202, 209 S.E. 2d 763 (1974). The reason for this is that generally the offense of possession does not require proof of an element which is not also required for the offense of possession with intent to sell or deliver. *State v. McGill*, 296 N.C. 564, 251 S.E. 2d 616 (1979). "One crime is not a lesser included offense of another '[i]f each of two criminal offenses, as a matter of law, re-

quires proof of some fact, proof of which fact is not required for conviction of the other offense.'" *Id.* at 568, 251 S.E. 2d at 619, quoting *State v. Overman*, 269 N.C. 453, 465, 153 S.E. 2d 44, 54 (1967).

Defendant here relies heavily on the *McGill* case where the Supreme Court held that possession of more than one ounce of marijuana is not a lesser included offense of possession with intent to sell or deliver marijuana. The Court observed that proof of possession of more than one ounce of marijuana required the State to show possession and an amount of marijuana greater than one ounce. To prove the offense of possession with intent to sell or deliver marijuana, the State must show possession of any amount of marijuana and intent by the accused to sell or deliver it. Hence, the two crimes each contain one element that is not necessary for proof of the other crime, and one is not, therefore, a lesser included offense of the other.

In the case at bar, defendant was charged with possession with intent to sell or deliver methaqualone, and the trial court instructed the jury on that charge as well as on simple possession. Unlike the marijuana charges contained in the *McGill* case, the quantity of methaqualone for the offenses of felonious possession and felonious possession with intent to sell or deliver is immaterial. To prove the offense of possession of methaqualone requires only proof of possession; to prove the offense of possession of methaqualone with intent to sell or deliver requires proof of possession as well as the intent to sell or deliver. Possession is, therefore, a lesser included offense of possession with intent to sell or deliver and the trial court's charge was proper.

[5] Defendant contends that the trial court erred in submitting to the jury the charge of conspiracy to sell or deliver methaqualone. The basis of defendant's contention is that the evidence was insufficient as a matter of law to establish conspiracy. Under G.S. 15A-1227(d), "[t]he sufficiency of all evidence introduced in a criminal case is reviewable on appeal without regard to whether a motion has been made during trial." We will, therefore, review the sufficiency of the evidence in this case to sustain the verdict in the conspiracy charge despite the defendant's failure to interpose motions for dismissal or directed verdict at the close of State's evidence and again at the close of all the evidence.

A motion to dismiss in a criminal case requires consideration of all the evidence in the light most favorable to the State, and the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom. *State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975). Only evidence favorable to the State is considered, and contradictions and discrepancies in the evidence are for the jury. *Id.*

In order to prove a criminal conspiracy, the State must show an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way. *State v. Bindyke*, 288 N.C. 608, 220 S.E. 2d 521 (1975). In the case *sub judice*, the State, in order to prove conspiracy to sell or deliver methaqualone, had to prove an agreement between Quinn and defendant to sell or deliver methaqualone. After reviewing the evidence in the light most favorable to the State, we conclude that the evidence of conspiracy was sufficient for submission to the jury. The State submitted evidence tending to show that the alleged co-conspirator Quinn took Black to defendant's residence; that Quinn met with defendant inside the house and then returned to Black to communicate the specifics of the deal; that Quinn handled the money in the transaction; and that Quinn, Black and the defendant consummated the deal in defendant's house. This was clearly sufficient evidence that defendant and Quinn were working in tandem in selling the methaqualone. *Cf. State v. Jones*, 47 N.C. App. 554, 268 S.E. 2d 6 (1980) (where defendant drove undercover agents to a house, met and conversed briefly with another person, and received from that person a package of heroin which he then sold to the agents).

[6] Finally we consider defendant's argument that the trial court erred in signing the judgment in Case No. 80CRS7099. The record shows that the judgment was for possession with intent to sell and deliver methaqualone but that defendant's conviction was for simple possession of methaqualone. Possession of seven tablets of methaqualone is a misdemeanor, G.S. 90-95(d)(2), while possession with intent to sell or deliver methaqualone is a felony, G.S. 90-95(b)(1). Although the term of imprisonment imposed upon defendant in the erroneous judgment was within the statutory range for simple possession, we find that the trial court committed prejudicial error in entering the judgment as for a felony in-

stead of a misdemeanor. We, therefore, must vacate the judgment and remand the case for entry of a proper judgment.

Defendant's final assignment of error was contingent upon success in her evidentiary arguments which we have rejected. It is, therefore, without merit.

In summary, in Case No. 80CRS7100 and Case No. 80CRS7101, no error.

In Case No. 80CRS7099, vacated and remanded for entry of judgment consistent with this opinion.

Judges CLARK and WHICHARD concur.