STATE OF NORTH CAROLINA v. DONALD LEE HOBSON

No. 258A83

(Filed 3 April 1984)

1. **Criminal Law § 99.4— comment by trial judge in ruling on objection—no prejudicial error**

In a prosecution for first degree rape, incest and first degree sexual offense, the trial judge did not commit prejudicial error in stating that a prosecuting witness did not "have the benefit of the transcript in front of her to help her refresh her recollection" during the cross-examination of the witness concerning certain inconsistencies between the testimony she gave in district court in an earlier hearing and her testimony given at trial on direct examination. G.S. 15A-1232.

2. **Rape and Allied Offenses § 4.1— evidence of alleged prior rape admissible**

In a prosecution for rape, sexual offense, and incest involving defendant's 16-year-old daughter, the trial court properly allowed the State to introduce evidence tending to show that the defendant had raped his daughter about two years before when she was fourteen years of age.

3. **Rape and Allied Offenses § 6— instructions concerning jury's use of evidence of prior rape**

There was no error in a trial court's instructions in a prosecution for first degree rape that the jury could use evidence of a prior rape to determine defendant's intent in this case.

4. **Rape and Allied Offenses § 6— instructions—summary of evidence sufficient**

In a prosecution for first degree rape, a trial judge's summary of the evidence in his instructions which excluded testimony of witnesses to the effect that tests of material collected during a pelvic examination of a victim shortly after the crime were negative for either sperm or pubic hair was not erroneous in that the evidence was not substantive evidence which would clearly exculpate the defendant and since an absence of the summary of this evidence did not affect the outcome of the trial in any manner.

ON appeal by defendant as a matter of right from the judgments of *Strickland, Judge,* entered at the 7 February 1983 Session of WILSON County Superior Court. Defendant was charged in indictments, proper in form, with first degree rape, in-

cest and first degree sexual offense. The cases were joined for trial and the jury returned verdicts of guilty as charged. Defendant received mandatory life sentences to run consecutively for the first degree rape and first degree sexual offense convictions. After the sentencing hearing on the incest conviction, he received four years and six months to run concurrently.

In relevant part, the State presented evidence that Janice Hobson and the defendant had been married for about sixteen years. They had one daughter, Janet Lee, who was sixteen years old at the time of the incident. On 20 September 1982, the three of them were living together in the Wilson County town of Stantonsburg. The husband and wife had been separated for five years prior to 14 February 1982, when the marital relationship resumed.

During the morning and afternoon of 20 September 1982, Janice Hobson and her husband, the defendant, were at home. However, about 2:30 p.m. on that date, the defendant left and Janice remained at home alone until the daughter, Janet Lee, returned at about 9:00 p.m. Janet Lee went to bed about 11:00 p.m., while her mother waited another hour before going to bed. Sometime later, defendant came home and Janice let him in through the living room door. He sat on a chair beside the television and asked Janice to help him pull his clothes off. She removed his boots and his pants. Defendant took off his shirt leaving him clothed only in underwear. Janice testified that the defendant appeared to be intoxicated but he did not smell of alcohol.

Defendant told his wife Janice to awaken Janet Lee. She complied. Soon after Janet Lee entered the room, the defendant told Janet Lee to take her clothes off. She protested but he told her not to talk back to him or he would hit her in the face with his fist. Janice, being afraid of what the defendant would do, told Janet Lee to do what he said. After Janet Lee removed her clothes, defendant forced his wife to take her clothes off.

Defendant stepped into the kitchen and returned with a butcher knife. He forced first his daughter then his wife to perform fellatio on him. Then he made his daughter fondle her mother and perform cunnilingus on her, while he stood over them brandishing the butcher knife. Next the defendant forced his wife

to perform cunnilingus on Janet Lee. While both women were still lying on the floor, defendant rubbed the knife against their bodies and threatened to cut off Janice's nose. Janice attempted to seize the knife and is so doing badly cut her hand. A rag was secured and placed on the hand. Defendant commanded both his daughter and his wife to continue lying side by side on the floor. Using the knife as a pointer, defendant compared their bodies. He fondled Janet Lee's vagina prior to having intercourse with her. While the defendant was so occupied, Janice managed to escape and run out of the house.

Janice ran to a neighbor's house and Janet Lee followed within minutes. The naked women were given clothes by their neighbor, Mrs. Whitley, who summoned the police after being informed that the defendant had raped Janet Lee. Officers from the Wilson County Sheriff's Department arrived and transported the two women to their home to change clothes. No one was seen at the house at this time. They were taken to the hospital in Wilson where Janice received eight stitches on her hand. Janet Lee was examined by a doctor who collected the appropriate evidence for a rape kit.

Deputy Sheriff Hunt and two other deputies subsequently searched the Hobson house for the defendant, but were unable to find anyone. The next day, an officer returned to the residence to resume the search for the defendant. He found the defendant asleep on a blanket and pillow in the attic. The defendant had the odor of alcohol about him.

A forensic serologist for the State Bureau of Investigation, tested and examined the contents of the rape kit. The analyses of the evidence revealed no semen present on any of the items.

The daughter, Janet Lee, testified that this incident was not the first time the defendant had engaged in sexual intercourse with her. She related that when she was fourteen years old the defendant bought some champagne and carried her down a path. He then undressed her and had sexual intercourse with her even though she requested him not to. Janet Lee told her mother the next day and later told her aunt about this incident. She also talked with Officer Jordan of the Wilson Police Department, but no action was taken against defendant.

The State also introduced into evidence two social workers who told of statements made to them by Janet Lee. For the most part their testimony corroborated Janet Lee's.

Defendant offered evidence and testified on his own behalf. He related that he and his wife had reconciled in February 1982 after five years separation, during which time he had been living with another woman. Throughout the separation, defendant kept in touch with Janice and Janet Lee. He paid child support and when he had extra money he gave it to Janet Lee. After hearing from his sister that Janet Lee was "running wild," he moved back home.

All three lived in the same house after the reconciliation. Defendant indicated that he and his wife had trouble with Janet Lee lying to them. According to the defendant, Janet Lee would become upset when he and his wife slept together. Further, there were numerous books about sex in the house to which Janet Lee had access.

It appeared that two days before the incident in question, defendant and Janice had a quarrel concerning his old girl friend. There was some discussion about defendant moving out. Defendant did pack his clothes but never left.

At about 4:30 p.m., on the day of the alleged offenses, defendant testified that he left home and went to his girl friend's house. There he consumed four six-packs of beer and most of a fifth of vodka. He spent the rest of the day at various places drinking beer or playing cards. Later that night a friend drove him home. According to defendant, he entered the house through the door he normally used, the back door. When he went in the back door, defendant testified that he saw his wife and his daughter lying naked on the floor facing each other. Upon seeing this, he screamed causing them to scramble in their attempt to get up. About that time he said he grabbed a knife and Janice pushed up against him and cut her hand. Janice ran out the door with Janet Lee running behind her. Soon thereafter, defendant climbed into the attic to sleep, as was his custom when he was intoxicated. The next thing he remembered was Deputy Sheriff Mullins awakening him.

Defendant offered other evidence indicating that he was extremely intoxicated on the night in question when he went home. Defendant denied ever having sexual intercourse with his daughter and denied forcing Janice and Janet Lee to perform any sexual acts on each other or on him. It was his judgment that when he saw the two on the floor together they might have been engaging in a lesbian act.

Additional facts, which become relevant, will be incorporated into the opinion.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Charles M. Hensey, for the State.*

*Nora Henry Hargrove, for the defendant.*

COPELAND, Justice.

Defendant brings forward several assignments of error which he contends require a new trial. We disagree and affirm the sentences imposed.

[1] Under the first assignment of error, defendant argues that Judge Strickland's comment excusing Janice Hobson's inconsistent testimony expressed an opinion and deprived him of a fair trial in violation of N.C. Gen. Stat. § 15A-1232.

The record indicates that defendant's wife, Janice Hobson, one of the alleged victims of these crimes, was subjected to substantial cross-examination by counsel for defendant. At two points in this cross-examination, she was asked about discrepancies between testimony given in District Court in an earlier hearing and her testimony given at this trial on direct examination. She was not shown a transcript of her prior District Court testimony. She admitted certain inconsistencies between these two occasions with regard to when she removed her clothes and to whether the defendant was intoxicated at the time of the crime. It appears that at one time during the cross-examination, Judge Strickland, while sustaining an objection by the district attorney, said: "Well, she doesn't have the benefit of the transcript in front of her to help her refresh her recollection." The trial judge did, however, sustain the objection to the form of the question and afforded defense counsel an opportunity to rephrase the question.

Defendant now argues that this one comment constituted an expression of opinion by the trial judge in violation of N.C. Gen. Stat. § 15A-1232. The defendant contends that this was prejudicial to him because the opinion tended to bolster the credibility of the witness by providing an explanation for her difficulties in answering defense counsel's questions.

It is always proper, of course, to impeach a witness' testimony by showing it is inconsistent with prior statements by the same witness. 1 Brandis on North Carolina Evidence, § 45 (1982). Moreover, it is clear that the trial judge should refrain from making any remarks that would tend to express an opinion as to the credibility of the witness. *State v. Faircloth*, 297 N.C. 388, 255 S.E. 2d 366 (1979). However, when the trial judge does make a comment the burden is on the defendant to show prejudice. *State v. Arnold*, 284 N.C. 41, 199 S.E. 2d 423 (1973).

We conclude that the challenged remarks, read in context with all of the extensive cross-examination of Mrs. Hobson, does not constitute an expression of opinion concerning the witness' credibility. The trial judge merely stated the obvious, to wit, that Mrs. Hobson was testifying without the benefit of examining a transcript of her earlier testimony. Finally, defendant has failed to show any prejudice which would entitle him to a new trial. This assignment is without merit and is overruled.

[2]  The defendant's second assignment of error contends that evidence of the alleged prior rape was inadmissible and extremely prejudicial to the defendant.

The defendant was charged with the rape, sexual offense, and incest involving his sixteen-year-old daughter. The State offered evidence tending to show that the defendant had raped his daughter about two years before when she was fourteen years of age. The defendant contends that this was improperly admitted because it was not relevant for any purpose and violated the principles of *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). Justice Ervin in *McClain*, stated it was the general rule "that in a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed another distinct, independent or separate offense . . . even though the other offense is of the same nature as the crime charged." (Citations omitted.) *Id.* at 173, 81 S.E. 2d at 365. *See: State v. Moore*, 309

N.C. 102, 305 S.E. 2d 542 (1983). The defendant further argues that none of the exceptions to the general rule, which are enumerated in *McClain*, apply in this case.

In cases involving sex offenses, this Court has held numerous times that evidence of similar sex crimes is admissible. *State v. Effler*, 309 N.C. 742, 309 S.E. 2d 203 (1983); *State v. Shane*, 304 N.C. 643, 285 S.E. 2d 813 (1982); *State v. Greene*, 294 N.C. 418, 241 S.E. 2d 662 (1978); *State v. Arnold*, 284 N.C. 41, 199 S.E. 2d 423 (1973). *See also*, 1 Brandis on North Carolina Evidence, § 92 (1982). In particular, we have held admissible evidence which tends to show prior offenses of the same kind committed by the defendant with the prosecuting witness, such as occurred in the case at bar. *State v. Browder*, 252 N.C. 35, 112 S.E. 2d 728 (1960); *State v. Edwards*, 224 N.C. 527, 31 S.E. 2d 516 (1944); *State v. Broadway*, 157 N.C. 598, 72 S.E. 987 (1911). This assignment of error is overruled.

[3] Defendant next assigns as error the trial court's instructions that the jury could use evidence of the prior rape to determine defendant's intent in this case. Defendant argues that the instructions were "plain error" and deprived defendant of a fundamental right to a fair trial. *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983).

After defining the elements of first degree sexual offense, first degree rape and incest in his instructions to the jury, the trial judge specifically charged as follows:

> Now, in this case evidence has been received tending to show that Donald Lee Hobson had sexual intercourse with Janet Lee Hobson about two years ago. This evidence as received solely for the purpose of showing that the defendant had the intent which is a necessary element of the crime [sic] charged in this case. If you believe this evidence, you may consider it, but only for the limited purpose for which it was received.

We previously held the admission of evidence of the prior rape not to be error. We have examined the limiting instructions and found them appropriate to the evidence. Having found no error in the instructions we do not need to address the defendant's "plain error" argument. This assignment of error is overruled.

State v. Hobson

**[4]** Defendant finally asserts as error the trial judge's refusal to summarize the testimony of certain witnesses which the defendant deemed favorable to him.

In this connection, Judge Strickland, upon request, refused to summarize the testimony of three prosecution witnesses, Dr. Ederington, and S.B.I. Agents Spittle and Worsham. Their testimony was, in essence, that tests of material collected during a pelvic examination of Janet Lee Hobson shortly after the crime were negative for either sperm or pubic hair. Spittle and Worsham did testify, however, that such a result occurs at least fifty percent of the time.

Defendant argues that it was error for the judge to omit this testimony even though N.C. Gen. Stat. § 15A-1232 requires a summarization of only so much of the evidence as is necessary to apply the law thereto. *See: State v. Sanders*, 298 N.C. 512, 259 S.E. 2d 258 (1979), *cert. denied*, 454 U.S. 973, 70 L.Ed. 2d 392 (1981).

In the present case, the trial court adequately incorporated into his jury charge the substantive facts and contentions of both the State and the defendant. The evidence which defendant sought to have summarized was not substantive evidence which would clearly exculpate the defendant. This evidence was merely testimony which tended to impeach the prosecution's witnesses. *See: State v. Moore*, 301 N.C. 262, 271 S.E. 2d 242 (1980). Thus, the trial court was not required to summarize this evidence in order to explain the applicable law. We do not believe that the absence of this summary affected the outcome of the trial in any manner or that a different result would have occurred. We find no merit in defendant's final assignment of error.

Defendant received a fair trial free from prejudicial error.

No error.