STATE OF NORTH CAROLINA v. RANDY SILLS

No. 589A83

(Filed 6 July 1984)

1. **Indictment and Warrant § 13.1— rape of child—date of offense—denial of motion for more definite bill of particulars**

In a prosecution for first-degree rape of a child in which the indictment charged that the crime occurred "on or about March 15, 1983" and the State responded to a motion for a bill of particulars that the specific date was unknown because of the age of the victim and the ongoing nature of the offense, the trial court did not abuse its discretion in the denial of defendant's pretrial oral motion for a more definite bill of particulars providing the specific time and date of the alleged rape where the victim testified that the offense occurred two days before her March 16 birthday, defendant presented evidence of his lack of access to the child from March 11 to March 16, and defendant thus showed no prejudice attributable to the lack of information about the exact date of the alleged rape. G.S. 15A-925(c).

2. **Indictment and Warrant § 17.2; Rape and Allied Offenses § 5— rape of child— date of offense—no fatal variance between indictment and proof**

There was no fatal variance between an indictment charging the rape of a child "on or about March 15, 1983" and evidence that the rape occurred on March 14 where defendant was not ensnared or deprived of the opportunity to present an alibi defense in that defendant testified that he was elsewhere and had no access to the victim on March 14 or for a considerable number of days before and after that date, and alibi witnesses testified to defendant's lack of access to the child for the period between March 11 and March 16.

State v. Sills

**3. Indictment and Warrant § 9.11; Rape and Allied Offenses § 3— indictment for rape—statement of date of offense—effect of statutes**

The provisions of G.S. 15-144.1(a) requiring the inclusion of the date of the offense in an indictment for rape do not prevail over the provisions of G.S. 15-155 which expressly excuse the failure to state an exact date.

**4. Witnesses § 1.2— competency of child rape victim to testify**

The trial court did not abuse its discretion in declaring an eight-year-old rape victim competent to testify where the child indicated that she knew the difference between telling the truth and lying, that she knew that punishment would result from telling a lie, and that she knew she was supposed to tell the truth when she put her hand on the Bible, and where she answered questions about her schooling, family, church attendance, and previous court testimony.

**5. Criminal Law § 34.8— evidence of other crimes—competency to show common plan or scheme**

In a prosecution for first-degree rape of a child, testimony by the child that defendant had engaged in sexual intercourse with her on a date prior to the incident for which defendant was on trial was competent to show a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tended to prove the crime charged and to connect the accused with its commission.

**6. Criminal Law § 73.1— double hearsay—harmless error**

Assuming that a physician's testimony that a child rape victim's natural father told him that "the girl had told him that this (rape) is what happened, that it had happened frequently" was inadmissible hearsay within hearsay, the admission of such testimony was harmless error in light of the other similar evidence admitted properly against defendant and his reliance on the defense of alibi rather than a defense that the rape of the child never occurred.

**7. Criminal Law § 33.3; Rape and Allied Offenses § 4— child abuse petition by social worker—irrelevancy—admission of testimony as harmless error**

In a prosecution for the rape of a child, assuming that testimony by a social worker that she had filed a child abuse petition after investigating and learning about the facts of the case at bar was irrelevant, its admission was harmless error where defendant failed to show that there was a reasonable possibility that a different result would have been reached at trial had the testimony not been allowed.

**8. Rape and Allied Offenses § 7— first-degree rape—life sentence as minimum and maximum terms**

The trial court did not err in imposing a sentence of not less than and not more than life imprisonment for first-degree rape. G.S. 15A-1340.1(a); G.S. 15A-1351(b).

BEFORE *Lane, Judge,* at the July 18, 1983 Criminal Session of Superior Court, HERTFORD County, the defendant was convicted of first-degree rape and sentenced to not less than and not more

than life imprisonment. The defendant appeals to the Supreme Court as a matter of right pursuant to G.S. 7A-27(a). Heard in the Supreme Court on March 14, 1984.

*Rufus L. Edmisten, Attorney General, by Tiare B. Smiley, Assistant Attorney General, for the State.*

*W. Hugh Jones, Jr., for the defendant appellant.*

MITCHELL, Justice.

Through several assignments of error, the defendant contends that the trial court erred in denying a motion for a bill of particulars and a motion for a dismissal of the charge because of the State's failure to set forth in the indictment the specific date of the offense charged. The defendant also contends the trial court erred in allowing certain testimony to be admitted into evidence and in declaring the eight-year-old victim competent to testify. Having reviewed the assignments of error raised by the defendant, we find no error.

A detailed recitation of the facts surrounding this case is unnecessary for discussion of the issues raised upon appeal. The State's evidence tended to show that on March 14, 1983, or two days prior to the victim's birthday, the defendant engaged in sexual intercourse with the victim, his then seven-year-old stepdaughter. The child testified that the defendant also had had intercourse with her on an earlier occasion prior to the Christmas holidays in the previous year. The State presented corroborating evidence through testimony by the child's natural father, her aunt, her stepmother, her doctor and nurse, and two social workers.

The defendant put on alibi evidence and evidence of his lack of access to the child from March 11, 1983 to March 16, 1983. The defendant took the stand and testified, and seven other witnesses testified in his behalf. The trial court denied the defendant's motions to dismiss the charge at the end of the State's evidence and again at the close of all of the evidence. The jury returned a verdict of guilty of first-degree rape. The trial court sentenced the defendant to not less than nor more than life imprisonment.

[1]   The defendant first contends that the trial court abused its discretion in denying the defendant's pretrial motion for a more definite bill of particulars. We do not agree.

The defendant was charged in three indictments for the acts forming the course of conduct which gave rise to his conviction of first-degree rape. The first indictment, charging the defendant with a first-degree sexual offense against the child, gave the date of the offense as March 15, 1983. Upon a motion for a bill of particulars, the State responded that the specific time of the offense charged in the first indictment was unknown. An amended response by the State stated that the offense occurred on or about March 11, 1983 and that due to the nature of the offense charged and the age of the victim, a more definite date was impractical.

A second indictment for a first-degree sexual offense with the child gave the date of the offense charged therein as "on or about the 11th day of March, 1983." Upon a motion by the defendant for a bill of particulars as to the second indictment, the State responded that the offense occurred on or about March 14, 1983, but that a specific date was unknown because of the age of the victim. The defendant was not tried for the offenses charged in the first and second bills of indictment.

The only indictment upon which the defendant was tried or convicted charged him with first-degree rape of the child on or about March 15, 1983. Once again the defendant made a motion requesting a bill of particulars. The State responded that the alleged rape occurred on or about March 15, 1983 and stated that the specific date was unknown because of the age of the victim and the ongoing nature of the offense.

At the start of the defendant's trial on July 19, 1983, the defendant made an oral motion requesting that the State provide the specific time and date of the alleged rape since the defendant had several times informed the court that he intended to put on evidence of an alibi. The trial court denied the motion. The defendant contends that the denial of this motion was error.

The defendant points to G.S. 15A-925(c) in support of his argument that the trial court erred in denying his oral motion for a more definite bill of particulars. G.S. 15A-925(c) establishes that upon a motion for a bill of particulars,

> [i]f any or all of the items of information requested are necessary to enable the defendant adequately to prepare or conduct his defense, the court must order the State to file and serve a bill of particulars. Nothing contained in this section authorizes an order for a bill of particulars which requires the State to recite matters of evidence.

The defendant contends that since a specific date of the alleged rape was "necessary to enable the defendant adequately to prepare or conduct his defense" of alibi, the trial court was required to order the State to file and serve a bill of particulars. He submits that the actual date of the alleged rape was known to the State since the prosecuting witness testified unequivocally that the offense occurred on March 14, 1983, two days before her birthday. The defendant complains that he was presented with a situation of having to account for his actions over a period of almost a week's time. Furthermore, the defendant argues that the denial of his motion circumvented the purpose of a bill of particulars—to inform the defendant of the specific occurrences intended to be investigated in the trial and to limit the evidence to the particular scope of inquiry. *State v. Overman*, 269 N.C. 453, 153 S.E. 2d 44 (1967). We find no error in the trial court's action.

The granting or denying of a bill of particulars lies within the trial court's discretion and is generally not subject to review except in cases of palpable and gross abuse. *State v. Easterling*, 300 N.C. 594, 268 S.E. 2d 800 (1980). Like the defendant in the present case, the defendant in *Easterling* contended that the trial court erred in denying his motion for a bill of particulars giving the exact date of the offenses which were alleged to have occurred. The *Easterling* Court stated a general rule:

> [A] denial of a defendant's motion for a bill of particulars will be held error only when it clearly appears to the appellate court that the lack of timely access to the requested information significantly impaired defendant's preparation and conduct of his case.

*Id.* at 601, 268 S.E. 2d at 805.

Noting that the defendant had provided an alibi for the entire period stated in the warrant and indictment, the Court in *Easterling* held that no such prejudice was evident. The Court

found no error in the trial court's denial of the defendant's motion.

The defendant in the present case has shown no prejudice attributable to the lack of information about the exact date of the rape charged. The indictment upon which the defendant was convicted charged that the crime was committed on or about March 15, 1983. In response to the defendant's motion for a bill of particulars as to this indictment, the State replied that the offense occurred on or about March 15, 1983, after 12:00 noon, and that a more precise date was unknown because of the age of the victim and the ongoing nature of the offense. The victim testified that the rape occurred two days before her March 16th birthday, making the date of the offense March 14, 1983.

The defendant testified that he had not been alone with the victim for several months including the period from March 11 until March 16. He accounted for his actions from March 11 until March 16, 1983 and six witnesses corroborated various portions of his alibi. The defendant has not shown how his defense tactics would have varied if the motion had been allowed or how the court's denial of his final motion for a more definite bill of particulars prejudiced his efforts to conduct his case. We find no abuse of discretion in the trial court's denial of the defendant's motion in this regard.

[2] In a related assignment of error, the defendant contends that the trial court erred in failing to dismiss the rape charge at the conclusion of the State's evidence and again at the close of all of the evidence. The defendant maintains that the variance between the date established as the actual date of the offense and the alleged date in the indictment is fatal. He notes that G.S. 15-144.1(a) requires indictments for rape to set forth, *inter alia,* "the date of the offense." The indictment for rape upon which the defendant was convicted gives the date of offense as "on or about March 15, 1983."

We find no merit in the defendant's argument. We have long held that one purpose of an indictment is to give the defendant notice of the charge against him to the end that he may prepare a defense and be in a position to plead double jeopardy if he is again brought to trial for the same offense. Another purpose is to enable the court to know what judgment to pronounce in case of

conviction. *State v. Dorsett*, 272 N.C. 227, 158 S.E. 2d 15 (1967). This Court has stated on a number of occasions that the date given in a bill of indictment usually is not an essential element of the crime charged. The State may prove that the crime was in fact committed on some other date. *State v. Whittemore*, 255 N.C. 583, 122 S.E. 2d 396 (1961). *See also State v. Effler*, 309 N.C. 742, 309 S.E. 2d 203 (1983). We have held that this rule may not be used to deprive a defendant of his defense, however. *State v. Whittemore*, 255 N.C. 583, 122 S.E. 2d 396.

The General Assembly in G.S. 15-155 explicitly provided that no judgment on an indictment shall be stayed or reversed for

> omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened.

[3] The provisions of 15-144.1(a), relied upon by the defendant, do not prevail over G.S. 15-155. *See State v. Corbett*, 307 N.C. 169, 297 S.E. 2d 553 (1982). Although G.S. 15-144.1(a) requires the inclusion in an indictment of the date of the offense charged in an indictment for rape, G.S. 15-155 expressly excuses the failure to state an exact date.

We are aware that this Court in *State v. Wilson*, 264 N.C. 373, 378, 141 S.E. 2d 801, 804 (1965) stated that "it may be difficult to conceive of a case where the time of the commission of a crime is not material to the defense of alibi." In *Wilson*, however, we held that since the defendant was not ensnared or deprived of an opportunity to present adequately his defense of alibi, a variance between the date of the offense given in the indictment and the date of the offense shown by the evidence at trial did not entitle him to a nonsuit.

The defendant in this case was not ensnared or deprived of the opportunity to present his alibi defense. The State's evidence tended to show that the victim was raped on March 14. The defendant testified that he was elsewhere and had no access to the victim on that day or for a considerable number of days before and after that day. Alibi witnesses testified to his lack of access

to the child for the period between March 11 and March 16. The responses to the defendant's motions for bills of particulars concerning this indictment and other indictments gave the defendant ample notice of the fact that an exact date could not be pinpointed due to the victim's youth and the ongoing nature of the offense. *See State v. Effler*, 309 N.C. at 750, 309 S.E. 2d at 207-08. The defendant has shown neither ensnarement nor prejudice resulting from the variance, and we overrule this assignment of error.

[4]  The defendant next contends that the trial court abused its discretion in declaring the eight-year-old prosecuting witness competent to testify. A child is competent to testify in this jurisdiction when he or she, under the obligation of an oath, has sufficient capacity to understand and relate facts which will assist the jury in reaching its decision. *State v. Oliver*, 302 N.C. 28, 274 S.E. 2d 183 (1981). There is no fixed age limit below which a witness is incompetent to testify. *State v. Jones*, 310 N.C. 716, 314 S.E. 2d 529 (1984); *State v. Oliver*, 302 N.C. 28, 274 S.E. 2d 183 (1981); 1 Brandis on North Carolina Evidence, § 55 (1982). The ruling on competency of a witness is within the trial court's discretion and its decision is not reversible except for clear abuse of discretion. *State v. Oliver*, 302 N.C. 28, 274 S.E. 2d 183 (1981).

The trial court did not err by ruling that the child in this case was competent to testify. She indicated that she knew the difference between telling the truth and lying, and she testified that she knew that punishment would result from telling a lie. On *voir dire* she answered questions about her schooling, her family, her church attendance, and previous court testimony. The child further indicated that she knew she was supposed to tell the truth when she put her hand on the Bible. The trial court's conclusion that the witness was competent was well within the boundaries of sound discretion. The defendant's assignment of error is without merit.

[5]  In the defendant's next assignment of error he contends that the trial court erred in permitting the child victim to testify that the defendant had engaged in sexual intercourse with her in December 1982 before the incident for which the defendant was on trial. The child's stepmother also testified that when the child

returned from visiting the defendant in December 1982, the child complained of itching and burning between her legs.

In *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954), Justice Ervin enunciated for the Court the general rules for admitting evidence of the commission of independent and unrelated crimes or offenses. These include the rule that "evidence of other crimes is admissible when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission." *Id.* at 176, 81 S.E. 2d at 367. Our Court has been "very liberal in admitting evidence of similar sex crimes." *State v. Effler*, 309 N.C. 742, 309 S.E. 2d 203 (1983); *State v. Greene*, 294 N.C. 418, 423, 241 S.E. 2d 662, 665 (1978). We have held admissible in particular evidence showing prior similar sex crimes committed by the defendant against the same victim. *State v. Hobson*, 310 N.C. 555, 313 S.E. 2d 546 (1984); *State v. Browder*, 252 N.C. 35, 112 S.E. 2d 728 (1960). We hold in the case at hand that the trial court did not err in admitting evidence which tended to show previous sex crimes by this defendant against the same victim.

[6] The defendant next contends that the trial court erred in overruling an objection to testimony by Dr. Roy Flood, a family physician. Flood testified that the natural father of the prosecuting witness, Bobby Collins, told him that "the girl had told him (Collins) that this (rape) is what happened, that it had happened frequently." The defendant asserts that the testimony was prejudicial double hearsay and prevented the defendant from receiving a fair trial.

Erroneous admission of hearsay, like erroneous admission of other evidence, is not always so prejudicial as to require a new trial. *State v. Powell*, 306 N.C. 718, 295 S.E. 2d 413 (1982); *State v. White*, 298 N.C. 430, 259 S.E. 2d 281 (1979). Unless such error infringes upon a criminal defendant's constitutional rights, the defendant has the burden of showing that he was prejudiced by the error and that there was a reasonable possibility that a different result would have been reached at trial if the error had not been committed. *See* G.S. 15A-1443(a); *State v. Powell*, 306 N.C. 718, 295 S.E. 2d 413 (1982); *State v. Murvin*, 304 N.C. 523, 284 S.E. 2d 289 (1981).

Assuming *arguendo*, that the testimony was inadmissible hearsay within hearsay, the defendant has not shown how he was prejudiced by its admission. The defendant did not maintain as his defense that the rape of the child never occurred. Instead, he produced evidence of an alibi and of his lack of access to the child at the time of the rape. The testimony of which he now complains related to only the occurrence of rape. In light of the other similar evidence admitted properly against the defendant and his reliance on a defense of alibi, we are not persuaded that the evidence complained of here requires a new trial. We find no merit in this assignment of error.

[7] The defendant assigns as error the admission of testimony by a social worker. The social worker stated over objection that she had filed a child abuse petition after investigating and learning about the facts of the case at bar. The defendant contends that the witness's testimony was irrelevant and prejudicial. Assuming *arguendo* that the testimony was irrelevant, the defendant has not met his burden of demonstrating that there is a reasonable possibility that a different result would have been reached at trial had the testimony not been allowed. This assignment of error is without merit.

[8] In his final assignment of error the defendant contends that since first degree rape is a Class B felony punishable by life imprisonment, the trial court committed error by setting a minimum and maximum term. The Fair Sentencing Act does not apply to Class B felonies. G.S. 15A-1340.1(a). We note that G.S. 15A-1351(b) states that with regard to convicted persons not subject to Chapter 15A, Article 81A of the General Statutes, the Fair Sentencing Act, a term of imprisonment must impose a maximum and may impose a minimum term. "The judgment may state the minimum term or may state that a term constitutes both the minimum and the maximum terms." G.S. 15A-1351(b). The judgment in this case stated that the life sentence constituted both the minimum and the maximum terms. We find no error in the judgment.

For reasons stated herein, we find that the defendant received a fair trial free from prejudicial error.

No error.