STATE OF NORTH CAROLINA v. JIMMY DEAN CAMERON

No. 8620SC244

(Filed 21 October 1986)

**1. Indictment and Warrant § 12.2— change of date—defendant not prejudiced**

The trial court did not err in allowing the State's motion to change the allegation of the bill of indictment for incest relating to the date of the offense where the indictment alleged the date of the offense as on or about 25 May 1985, a Saturday; the prosecuting witness testified that the offense occurred on Sunday, 26 May 1985; the mother of the witness testified that the witness and her brother visited their grandmother in another town on the weekend of 24-26 May 1985 and that the offense occurred on the previous weekend; a houseguest of defendant who was aware of the incident testified that he visited either over the weekend of 17-19 May or over the following weekend; the mother testified that she received a letter from the houseguest on 21 May 1985 suggesting that she ask her daughter what had happened; and changing the date did not substantially alter the charge against defendant, unfairly surprise him, or prevent him from presenting a defense. N.C.G.S. § 15A-923(e).

**2. Incest § 1— evidence of prior sexual contact with victim—admissibility**

The trial court in a prosecution for incest did not err in admitting evidence tending to show that defendant had had prior sexual contact with his stepdaughter since the evidence was reasonably probative of defendant's knowledge, opportunity, intent, and plan. N.C.G.S. § 8C-1, Rule 404(b).

**3. Incest § 1; Criminal Law § 138.7— court's expression of personal feelings—defendant not prejudiced**

The trial court's remarks in an incest case concerning his personal feelings with regard to the offense charged, though better kept to himself, did not indicate a lack of ability to consider objectively the range of punishments authorized by the legislature or demonstrate an abuse of discretion in imposing the judgment.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 10 October 1985 in Superior Court, UNION County. Heard in the Court of Appeals 26 August 1986.

Defendant was charged with the statutory felony of incest in violation of G.S. 14-178, the bill of indictment alleging that he had carnal intercourse with his eleven year old stepdaughter. He entered a plea of not guilty.

At trial, the State offered evidence tending to show that on a Sunday in May 1985, defendant, his stepdaughter, and one Kenneth Harrington, a family friend who was visiting over the weekend, were watching television in the master bedroom of de-

fendant's residence in Monroe. Defendant's wife, the mother of the prosecuting witness, was at work. At some point in the early afternoon, Harrington left the residence and walked to a nearby convenience store to buy beer and cigarettes. The prosecuting witness testified that shortly after Harrington left, defendant removed his clothes and told her to get onto the bed. Defendant had vaginal intercourse with her. Upon hearing Harrington return, the prosecuting witness jumped into the closet and defendant went out into the hall.

Kenneth Harrington testified that he was away from the residence for approximately twenty minutes. When he returned to the residence and went to the bedroom, he saw the defendant stepping into his trousers and coming out of the bedroom door. He was sweaty and in an apparent state of sexual arousal. Harrington found the prosecuting witness hiding in a bedroom closet; she also was nude. Harrington attempted to discuss the incident with defendant, but defendant would not talk with him. Harrington did not mention the incident to defendant's wife during the remainder of the weekend, but sometime during the following week, after he had returned to his home in Hamlet, he wrote to her and suggested that she ask her daughter about what happened over the weekend. The prosecuting witness said nothing about the incident until about two weeks later, when she told her visiting aunt about it.

The child was examined by a physician on 7 June 1985 and was found to have gonorrhea in her mouth, her rectum, and her vagina. In the opinion of the physician, the disease had been transmitted by sexual contact. The State also produced evidence that defendant had sought treatment from another physician on 6 June 1985 and was found to be suffering from gonorrhea.

Defendant elected not to testify or to offer evidence in his own behalf. The jury found him guilty of incest and the court sentenced him to imprisonment for the maximum term of fifteen years. Defendant has appealed.

*Attorney General Lacy H. Thornburg by Assistant Attorney General Philip A. Telfer for the State.*

*W. David McSheehan for defendant appellant.*

MARTIN, Judge.

Defendant contends on appeal that the trial court committed reversible error by allowing the State's motion to change the allegation of the bill of indictment relating to the date of the offense and by denying his motions for dismissal. He also assigns error to the admission of testimony by the prosecuting witness that defendant had had intercourse with her at a previous time. Finally, he contends, the court erred in sentencing him to the maximum permissible prison term for the offense. We have considered each of his assignments of error and conclude that defendant received a fair trial, free from prejudicial error.

[1] The bill of indictment, as returned by the Union County grand jury on 19 August 1985, alleged the date of the offense as "on or about" 25 May 1985, a Saturday. At trial, the prosecuting witness testified that the offense had occurred on Sunday, 26 May 1985. Her mother, however, testified that the prosecuting witness and her brother had visited their grandmother in Hamlet on the weekend of 24-26 May 1985, and that the incident had occurred on the previous weekend. She further testified that she had received the letter from Kenneth Harrington on 21 May 1985, following his weekend visit. Harrington was uncertain of the date of his weekend visit, testifying that he visited the defendant's residence either over the weekend of 17-19 May or over the following weekend. Both the prosecuting witness and her mother testified that the incident had occurred on the weekend that Harrington visited their home and that his visit took place on the weekend prior to the children's visit with their grandmother. At the close of the State's evidence, the prosecutor moved to change the date alleged in the bill of indictment to allege "on or about or between May 18th, 1985, through May the 26th, 1985. . . ." The court allowed the motion over defendant's objection.

Defendant argues that the trial court, by permitting the State to alter the allegations of the indictment relating to time, deprived him of the opportunity to present a defense of "reverse alibi"—that he had no access to the prosecuting witness on the date alleged in the indictment—which he contends was established through his cross-examination of his wife, the mother of the prosecuting witness. He claims surprise and prejudice from the change in dates.

Although G.S. 15A-923(e) prohibits the amendment of a bill of indictment, the term "amendment" has been restrictively defined as "any change in the indictment which would *substantially* alter the charge set forth in the indictment." *State v. Price*, 310 N.C. 596, 598, 313 S.E. 2d 556, 558 (1984) (emphasis added). Ordinarily, the date alleged in the indictment is neither an essential nor a substantial fact, and therefore the State may prove that the offense was actually committed on some date other than that alleged in the indictment without the necessity of a motion to change the bill. *Id.* The failure to state accurately the date or time an offense is alleged to have occurred does not invalidate a bill of indictment nor does it justify reversal of a conviction obtained thereon. G.S. 15-155. However, where a defendant relies upon a defense of alibi, time becomes essential and the foregoing rules may not operate to deprive a defendant of an opportunity to present a defense. *State v. Sills*, 311 N.C. 370, 317 S.E. 2d 379 (1984); *State v. Christopher*, 307 N.C. 645, 300 S.E. 2d 381 (1983); *State v. Whittemore*, 255 N.C. 583, 122 S.E. 2d 396 (1961).

In *Christopher*, the indictment alleged that defendant had engaged in a conspiracy on 12 December 1980. At trial, however, the State offered evidence tending to show that the offense occurred sometime between October 1980 and January 1981, but no evidence was offered tending to show that any crime occurred on 12 December 1980. Our Supreme Court reversed defendant's conviction, stating that such vague evidence as to the date of the offense deprived defendant of his opportunity to offer a defense. Likewise, in *Whittemore*, the State offered evidence tending to show that the offenses for which defendant was on trial were committed on the date alleged in the bill of indictment, and that another separate, but similar, offense was committed by defendant on a later date. After defendant offered evidence of alibi as to the offenses alleged in the bill of indictment, the State offered rebuttal evidence tending to show commission of criminal offenses of the same nature as those charged but occurring at a later time. The trial judge instructed the jury, in effect, that the date of the offenses was immaterial. Under these circumstances, the Supreme Court held that time was material to the defense. In *Sills*, however, a variance of one day between the allegations of the indictment and the date shown by the evidence was found not to be prejudicial, because defendant had presented evidence of alibi for

several days before and after the alleged offense. *See also State v. Wilson,* 264 N.C. 373, 141 S.E. 2d 801 (1965).

In the present case, although the testimony of the young prosecuting witness as to the date of the offense differed from that of her mother, all of the State's evidence showed that the crime, if committed, took place on the Sunday of the weekend during which Kenneth Harrington visited the defendant's residence. Both the prosecuting witness and her mother agreed that his visit was on the weekend before the prosecuting witness went to Hamlet. While defendant's cross-examination of the child's mother may have raised doubts as to the date of Harrington's visit, there was absolutely no indication therefrom that defendant disputed the fact that Harrington had spent a weekend in May at defendant's home in Monroe. Moreover, it is clear from a reading of the entire transcript that defendant was well aware that the conduct for which he was on trial was alleged to have occurred during the course of Harrington's weekend visit. It follows that he was not deprived of an opportunity to prepare and present a defense as to that period of time, notwithstanding the variance in the dates thereof contained in the State's evidence. Thus, the State did not employ a "bait and switch" tactic, as in *Christopher,* or use the date alleged in the indictment for the purpose of "ensnaring" the defendant into presenting a defense for one period of time without the opportunity to defend against another period of time, as in *Whittemore.* What is important is the defendant's understanding of the charge against which he needed to defend. We discern no reasonable possibility that defendant was unfairly surprised.

We also observe that "reverse alibi" was not the primary defense relied upon by defendant. His primary contention was that the allegation of incest was fabricated either by the prosecuting witness alone or by her and Kenneth Harrington together in order to send defendant back to prison. The defendant attempted to portray defendant's wife and Harrington as having an affair and directly asked both of them, as well as the prosecuting witness, if the incident had not, in fact, been made up so that the wife could move back to Hamlet to be near Harrington. Defendant sought to support this theory by showing confusion among the State's witnesses as to the date upon which the incident allegedly occurred.

He was given a full opportunity to develop and present this defense, which ultimately was rejected by the jury.

We conclude that the change of the date of the offense, as permitted by the trial court, did not substantially alter the charge against the defendant, nor did it unfairly surprise him or prevent him from presenting a defense. This assignment of error is overruled.

By related assignments of error, defendant argues that the trial court erred in denying defendant's motion to dismiss at the close of all the evidence and that it erred by not granting defendant's motion to set aside the verdict, both made pursuant to G.S. 15A-1227. A motion to dismiss under G.S. 15A-1227 is substantively identical to a motion for nonsuit under G.S. 15-173. *State v. Greer*, 308 N.C. 515, 302 S.E. 2d 774 (1983); *State v. Ausley*, 78 N.C. App. 791, 338 S.E. 2d 547 (1986). When the State's evidence presents a complete defense, a defendant's motion for nonsuit should be allowed. *State v. Horton*, 275 N.C. 651, 170 S.E. 2d 466 (1969). However, in ruling on the motion, the court must look at the evidence in the light most favorable to the State, and all contradictions and discrepancies are left for the jury. *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980); *State v. Gray*, 56 N.C. App. 667, 289 S.E. 2d 894, *disc. rev. denied*, 306 N.C. 388, 294 S.E. 2d 214 (1982).

The defendant premises his contentions of complete defense upon the conflict between the date originally shown on the indictment and the testimony of defendant's wife, the prosecuting witness, and Harrington. As we have already ruled that the trial court did not err in allowing the State to change the date on the indictment, the only remaining inconsistencies are those contained in the testimony of the three witnesses as to the date of Harrington's visit. These inconsistencies are not so severe as to make them irreconcilable; the contradictions were for the jury to resolve and the trial court properly denied defendant's motions to dismiss and to set aside the verdict. *Powell, supra.*

[2] Defendant also contends that the trial court erred by admitting evidence tending to show that he had had prior sexual contact with his stepdaughter. At the trial, the following dialogue took place:

(Mr. Graham)—[Addressed to the prosecuting witness], you have testified today that on this weekend that we're talking about your stepfather placed his penis inside your private parts. I'll ask you if your stepfather had ever done that before the day that you're talking about?

MR. MCSHEEHAN: OBJECTION for the record

THE COURT: OVERRULED. Go ahead

Q. You may answer the question.

A. Yes.

Defendant argues that although the evidence may have been relevant, it was so prejudicial, inflammatory and misleading that it should have been excluded pursuant to G.S. 8C-1, Rule 403.

Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." " 'Unfair prejudice,' as used in Rule 403, means 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, as an emotional one.' " *State v. DeLeonardo*, 315 N.C. 762, 772, 340 S.E. 2d 350, 357 (1986), *quoting* Commentary, G.S. 8C-1, Rule 403 (Cum. Supp. 1985).

Rule 404(b) permits the introduction of evidence of other criminal acts to prove, *inter alia*, intent, plan or motive. In cases involving alleged sexual offenses, our courts have liberally permitted the introduction of evidence of prior sexual acts committed by the defendant upon the same prosecuting witness. *See, e.g., State v. DeLeonardo, supra; State v. Hobson*, 310 N.C. 555, 313 S.E. 2d 546 (1984); *State v. Effler*, 309 N.C. 742, 309 S.E. 2d 203 (1983).

In our view, the evidence complained of was reasonably probative of defendant's knowledge, opportunity, intent, and plan. We do not view it as so prejudicial as to outweigh its probative value and render it inadmissible. However, even if there was error in the admission of the evidence, defendant has failed to meet his burden of showing a reasonable possibility that a different result would have been reached had the evidence been excluded. G.S. 15A-1443(a). Absent such a showing, any possible error is considered harmless and does not entitle defendant to a new trial.

*State v. DeLeonardo, supra; State v. ,Billups,* 301 N.C. 607, 272 S.E. 2d 842 (1981).

[3] Finally, defendant contends that the trial court erred in sentencing him to the maximum term permitted for the offense. Defendant takes no issue with the aggravating factors found by the court, or with the court's refusal to find factors in mitigation. However, defendant contends that the sentence was influenced by improper considerations and amounted to an abuse of discretion. He bases his argument upon the following remarks:

> THE COURT: Well, I try not to let anything I see in this job bother me, but I don't mind saying those sort of things upset me highly. I don't understand what's happened in our society today. Dogs don't even do stuff like this. As the D.A. said, had not somebody made an error and charged you with the right thing, you would have been facing a mandatory life imprisonment. A great deal of people in this society I imagine, if you took a vote, a great deal of people would think the death penalty would not be inappropriate, but I've learned that what I say doesn't make a whole lot of difference, and probably the less I say the better off I am. So the Court would find the aggravating factors in this case, that the victim was very young, that the defendant has a prior conviction or convictions of criminal offenses punishable by more than sixty days, that there are no mitigating facts. The factors in aggravation outweigh the facts in mitigation. The judgment of the Court in this case is that the defendant be sentenced to fifteen years in the North Carolina Department of Corrections. The Court will recommend that he not be considered for parole.

We agree with the trial judge that he would have been better advised to keep his personal feelings to himself; however, we do not consider that his remarks were such as to indicate a lack of ability to objectively consider the range of punishments authorized by the legislature or to demonstrate an abuse of discretion in imposing the judgment. "A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *State v. Pope,* 257 N.C. 326, 335, 126 S.E. 2d 126, 133 (1962).

No error.

Judges BECTON and PHILLIPS concur.