STATE OF NORTH CAROLINA v. LOUIS RIDGEWAY, JR., DEFENDANT

No. COA99-358

(Filed 21 March 2000)

### 1. Evidence— hearsay—no plain error

The trial court did not commit plain error in an assault with a deadly weapon with intent to kill case by failing to exclude an officer's alleged hearsay testimony ex mero motu because the testimony, that during his investigation the victim told him defendant was the person who shot her, added very little to the State's evidence in light of the victim's testimony that defendant had possession of the gun when he forced her out of the car and he never relinquished control of the weapon.

### 2. Assault— motion to dismiss—sufficiency of the evidence

Viewing the evidence in the light most favorable to the State reveals the trial court did not err in denying defendant's motion to dismiss the assault with a deadly weapon with intent to kill charge because the evidence was sufficient to show that defendant perpetrated the shooting in light of the victim's testimony that defendant had possession of the gun when he forced her out of the car and he never relinquished control of the weapon.

### 3. Robbery— motion to dismiss—sufficiency of the evidence

Viewing the evidence in the light most favorable to the State reveals the trial court did not err in denying defendant's motion to dismiss the robbery with a firearm charge, based on the theory that there was no evidence defendant and his friend agreed to rob the victim, because even though the evidence reveals defendant's friend ultimately demanded that the victim empty her pockets, defendant stood nearby holding a gun on the victim and repeatedly threatened to shoot her.

Appeal by defendant from judgment entered 26 February 1998 by Judge Robert F. Floyd, Jr. in Superior Court, Cumberland County. Heard in the Court of Appeals 15 February 2000.

STATE v. RIDGEWAY

[137 N.C. App. 144 (2000)]

*Attorney General Michael F. Easley, by Assistant Attorney General Joan Herre Erwin, for the State.*

*Margaret Creasy Ciardella for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Louis Ridgeway, Jr. (defendant) appeals from a judgment imposed upon his convictions of assault with a deadly weapon with intent to kill inflicting serious injury and robbery with a firearm. The pertinent factual and procedural background follows.

The State's evidence presented at trial tended to show that in the early morning hours of 3 February 1996, Felicia White was shot twice and left lying in a deserted university parking lot after accepting a ride from defendant and his friend, Rondell Johnson. Defendant, who was driving a red two-door Nissan Sentra with an Alabama license plate number 15 AFM 56, had agreed to drive White home from Club International in Fayetteville, North Carolina, for a fee of ten dollars. After climbing into the backseat of the vehicle, White handed defendant two five-dollar bills. Defendant, upon receiving the payment, stated that he ought to take White's money and put her out of the car. Not certain whether to take defendant's threat seriously, White grabbed one of the bills she had just given him and told him to return her money and let her walk. Defendant refused and proceeded to drive.

Angered that White had retrieved part of the money, defendant told Johnson to give him his gun. Johnson complied, and as defendant drove, he held the gun to White's head, calling her various disparaging names and repeatedly threatening to kill her. When he reached a nearby college campus, defendant stopped the car and forced White out of the vehicle at gunpoint. While she was exiting the car, White grabbed the barrel of defendant's gun, but she was unable to wrestle it away from him. Still, she managed to aim the barrel at defendant and fire a shot into his abdomen. Defendant, nevertheless, maintained his grip on the weapon and continued struggling with White for its possession.

Unable to break White's hold on the gun, defendant called out to Johnson for help. Johnson, who had remained inside the vehicle, exited the car wielding a switchblade knife and threatened to slit White's throat if she did not let go of the gun. White acquiesced, and Johnson backhanded her, knocking her to the ground. When she got

up, Johnson ordered her to empty her pockets, so White handed over the five-dollar bill she had retrieved from defendant. He then knocked White down again and "stomped" on her head.

Meanwhile, defendant was leaning against the car door holding the gun. He taunted White by repeatedly cocking the pistol and threatening to take her life. Then, defendant fired three shots at White; one shot struck White in the left knee and another struck her in the left abdominal area. Thereafter, defendant and Johnson drove away, leaving White alone in the empty parking lot. White crawled to a house for help and was ultimately taken to Cape Fear Valley Hospital for emergency medical treatment.

At approximately 3:00 a.m. on the same morning, Officer Jessie Devane of the Fayetteville Police Department came upon a two-car accident involving a red two-door Nissan Sentra with Alabama license plates. Johnson, the driver of the Sentra, told Officer Devane that his passenger, defendant, had been shot while sitting in the vehicle. Officer Devane approached the vehicle and discovered defendant lying in the back seat with a gunshot wound to his abdomen. The officer noted that there were no bullet holes in the interior or exterior of the car and that the windows of the vehicle were still intact. Officer Devane further noted that although defendant was conscious and alert, he refused to answer the officer's questions regarding the shooting. Defendant was thereafter transported to Cape Fear Valley Hospital for emergency care.

White was brought into the emergency room shortly after defendant's arrival. Officer Michael Murphy, the officer investigating the accident involving defendant's vehicle, was also called upon to investigate the White shooting. When Officer Murphy questioned White about the matter, she stated that she was shot by a man driving a red Nissan Sentra. From this information, the officer deduced that White and defendant had been shot in the same incident. Later, White identified defendant and Johnson as the individuals who had shot her, held her at knife-point, and robbed her.

At the close of the State's evidence, defendant moved to dismiss the charges against him. The court denied the motion, and defendant presented evidence of good character. The jury deliberated and returned a verdict finding defendant guilty of the offenses charged. Defendant appeals.

**[1]** By his first assignment of error, defendant contends that the trial court improperly admitted hearsay testimony given by Officer Murphy. Defendant did not object to the testimony but argues, nonetheless, that he is entitled to a new trial, because the testimony was highly prejudicial to him and the court committed plain error in failing to exclude it *ex mero motu*. We cannot agree.

Where, as here, a criminal defendant fails to object to the admission of certain evidence, the plain error analysis, rather than the *ex mero motu* or grossly improper analysis, is the applicable standard of review. *State v. Gary*, 348 N.C. 510, 501 S.E.2d 57 (1998). Our Supreme Court stated in *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983):

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *"fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the . . . mistake had a probable impact on the jury's finding that the defendant was guilty."

307 N.C. at 660, 300 S.E.2d at 378 (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982)). Therefore, if after thoroughly examining the record, we are not persuaded that the jury probably would have reached a different result had the alleged error not occurred, we will not award defendant a new trial. *See State v. Bronson*, 333 N.C. 67, 75, 423 S.E.2d 772, 777 (1992) (stating that new trial will be granted only where defendant shows that jury probably would have acquitted him absent the error).

Defendant challenges the testimony offered by Officer Murphy wherein he stated that during his investigation, the victim, White, told him that defendant was the person who shot her. Defendant argues that this testimony was hearsay, not within any exception, and that the court's failure to exclude it was a fundamental error, because White herself testified that she did not see which of the perpetrators shot her. Assuming, for the purpose of this argument, that the challenged testimony was hearsay, we find no plain error in its admission,

because the testimony added very little to the State's evidence. White testified that defendant had possession of the gun when he forced her out of the car. She further stated that although she shot defendant in her effort to obtain possession of the gun, defendant never relinquished his hold on the weapon. Indeed, according to White, defendant was leaning against the car pointing the gun at her when Johnson began to assault her. The reasonable inference to be drawn from White's testimony is that defendant was the individual who shot her. Thus, we reject defendant's contention that the court committed plain error in failing to exclude Officer Murphy's testimony *ex mero motu*.

[2] With his next assignment of error, defendant argues that the trial court erred in denying his motions to dismiss the assault and robbery charges against him. Again, we find no error.

Upon a motion to dismiss, the question for the trial court is whether the State presented substantial evidence of each element of the crime charged and the defendant's role as the perpetrator of such crime. *State v. Ramseur*, 338 N.C. 502, 507, 450 S.E.2d 467, 471 (1994). " 'Substantial evidence' is relevant evidence that reasonable jurors might accept as adequate to support a conclusion." *Id.* In determining whether substantial evidence exists, the trial court must examine the evidence in the light most favorable to the State and must give the State the benefit of every reasonable inference that may be drawn from the evidence. *State v. King*, 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996). Any discrepancies or contradictions arising from the evidence are for the jury to decide and do not, by themselves, warrant dismissal of the charge. *Id.*

The defendant is guilty of an assault with a deadly weapon with intent to kill inflicting serious injury if he (1) assaults the victim, (2) with a deadly weapon, (3) intending to kill her, and (4) inflicts serious bodily injury that does not result in her death. *State v. Reid*, 335 N.C. 647, 654, 440 S.E.2d 776, 780 (1994). Defendant does not contend that these elements have not been satisfied, but rather, argues that the evidence was insufficient as a matter of law to show that he perpetrated the shooting. However, given our discussion of the preceding issue, we hold that there was ample evidence to go to the jury on the issue of whether defendant shot the victim. Therefore, we summarily overrule this argument and proceed to defendant's contention that the evidence was insufficient to establish his guilt on the charge of armed robbery, because there was no evidence that he and Johnson agreed to rob the victim.

STATE v. RIDGEWAY

[137 N.C. App. 144 (2000)]

**[3]** The essential elements of robbery with a dangerous weapon are: "(1) the unlawful taking or attempted taking of personal property from another, (2) the possession, use or threatened use of firearms or other dangerous weapon, implement or means, and (3) danger or threat to the life of the victim." *State v. Donnell*, 117 N.C. App. 184, 188, 450 S.E.2d 533, 536 (1994). In this State, it is well settled that a defendant may be convicted of a crime under the theory that he acted in concert with another "if [he] is present at the scene of the crime and . . . [he acts] together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime." *State v. Hart*, 105 N.C. App. 542, 547, 414 S.E.2d 364, 367, *dismissal allowed and disc. review denied*, 332 N.C. 348, 421 S.E.2d 157 (1992).

Viewing the evidence in the light most favorable to the State and drawing all reasonable inferences in its favor, the evidence tended to show that when White got into the backseat of defendant's car, he threatened to take all of her money and make her walk. From that point, a series of events occurred which resulted in White handing over the contents of her pockets after being threatened at knifepoint and at gunpoint by Johnson and defendant, respectively. While the evidence suggests that it was Johnson who ultimately demanded that White empty her pockets, the evidence tends to show that defendant stood nearby holding a gun on the victim and repeatedly threatened to shoot her. Accordingly, we hold that the trial court was correct in denying defendant's motion to dismiss the armed robbery charge, as there was sufficient evidence of defendant's guilt to submit the charge to the jury.

For the foregoing reasons, we conclude that defendant received a fair trial, free of prejudicial error.

No error. ·

Judges GREENE and WALKER concur.