STATE OF NORTH CAROLINA v. ERIC THERNELL OAKMAN

No. COA07-929

(Filed 5 August 2008)

**1. Child Abuse and Neglect— felonious child abuse—plain error analysis—instruction—additional theory of intentional assault proximately resulting in serious bodily injury**

The trial court did not commit plain error in a felonious child abuse case by allegedly instructing the jury on a theory of guilt not alleged in the indictment, even though defendant contends the instructions included the theory of intentional injury but impermissibly included an additional theory of intentional assault which proximately resulted in serious bodily injury, because: (1) the intent to commit the act is the gravamen of the offense, and whether defendant intended the assault and not the serious bodily injury was immaterial; (2) the trial court instructed the jury it could find defendant guilty of felonious child abuse if it found that he intentionally inflicted a serious bodily injury to the child or intentionally assaulted the child which proximately resulted in serious bodily injury; and (3) the instruction did not provide the jury with a materially distinct ground to find defendant guilty.

**2. Child Abuse and Neglect— felonious child abuse—plain error analysis—instruction—intent—culpable or criminal negligence**

The trial court did not commit plain error in a felonious child abuse case by instructing the jury that it could find the requisite intent supporting the charge through actual intent to inflict injury or culpable or criminal negligence from which such intent may be implied because: (1) contrary to defendant's contention, there is no authority requiring a showing of actual intent or a mens rea greater than culpable or criminal negligence to convict for felonious child abuse, and culpable or criminal negligence may satisfy the intent requirement of felonious child abuse; and (2) the evidence tended to show that defendant shook the child in such a manner as to inflict upon the child a subdural hematoma and bilateral retinal hemorrhages.

Appeal by defendant from judgment entered 8 February 2007 by Judge Russell J. Lanier, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 20 February 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Chris Z. Sinha, for the State.*

*Russell J. Hollers, III for defendant-appellant.*

BRYANT, Judge.

Defendant appeals from a judgment entered after a jury verdict found him guilty of felonious child abuse. We find no error in the jury instructions and therefore affirm the judgment of the trial court.

The evidence presented at trial tended to show that Defendant Eric Oakman fathered two children with Sharee Baldwin. When Ms. Baldwin was at work, defendant cared for the children. After some time, one of the children, a three month old, appeared to sleep less and cry more often. The child began to experience seizures, and Ms. Baldwin took the child to the hospital.

Dr. Ronald Murray Perkin, Chief of Pediatrics at Pitt County Memorial Hospital and Director of the Children's Hospital, testified that the child suffered from a fractured wrist; old and new subdural hematomas; and bi-lateral retinal hemorrhaging, as a result of being severely shaken. Dr. Elaine Cabinum-Foeller, an expert in pediatric medicine and child abuse, also concluded that "somebody hurt [the child]" on more than one occasion.

New Hanover County Superior Court issued an indictment against defendant alleging "defendant . . . unlawfully, willfully, and feloniously did intentionally inflict serious bodily injury, subdural hematoma and bi-lateral retinal hemorrhages" on the child.

At trial, police officer Alejandra Sotelo, a juvenile investigator with the Wilmington Police Department and Rich Ohmer, a social worker with the New Hanover County Department of Social Services, testified to statements defendant made during a pre-trial interview. Ohmer and Officer Sotelo testified that defendant said he was working in his house, but the child would not stop crying. He tried to silence the child and admitted that he "[h]andled [the child] too hard, he was too soft for [defendant] to be handling, . . . [defendant] didn't realize [he] made him like that." Defendant stated that, "[he] got agitated and [he] put [the child] down rough . . . [He] was too rough with him. [He] didn't mean to hurt [the child] . . . [he] thought he was strong like [defendant] but he[] [was] too little."

The trial judge instructed the jury that for them to find defendant guilty of felonious child abuse, they must find defendant "intention-

ally inflicted serious bodily injury to the child or intentionally assaulted the child which proximately resulted in serious bodily injury . . . ." The trial court further instructed that the jury could find the requisite intent supporting felonious child abuse through "actual intent to inflict injury or culpable or criminal negligence from which such intent may be implied." The jury found defendant guilty. The trial court entered judgment and commitment against defendant for felonious child abuse and placed him in the custody of the North Carolina Department of Corrections for a minimum term of 100 months to a maximum term of 129 months. Defendant appeals.

Defendant presents two issues on appeal: (I) Whether the trial court erred in instructing the jury on a theory of guilt not stated in the indictment; and (II) whether the instructions allowed the jury to convict defendant without finding an element of the crime.

*I*

**[1]** Defendant argues the trial court erred in instructing the jury on a theory of guilt not alleged in the indictment. The indictment charged defendant with "intentionally inflict[ing] serious bodily injury" to the child. Defendant, who did not object at trial, argues on appeal that the jury instructions included the theory of "intentional injury" as stated in the indictment and impermissibly included an additional theory of "intentional assault which proximately resulted in serious bodily injury." We disagree.

A defendant who does not object to jury instructions at trial will be subject to a plain error standard of review on appeal. *State v. Goforth*, 170 N.C. App. 584, 587, 614 S.E.2d 313, 315 (2005).

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where [the error] is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings or where it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.

*State v. Cummings*, 361 N.C. 438, 470, 648 S.E.2d 788, 807 (2007) (emphasis and brackets in original) (citation omitted). "In deciding whether a defect in the jury instruction constitutes 'plain error,' the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." *State v. Smith*, 162 N.C. App. 46, 51, 589 S.E.2d 739, 743 (2004) (citation omitted). "[T]he failure of the allegations to conform to the equivalent material aspects of the jury charge represents a fatal variance, and renders the indictment insufficient to support that resulting conviction." *State v. Williams*, 318 N.C. 624, 631, 350 S.E.2d 353, 357 (1986) (citation omitted). But, in determining whether a variance is fatal, we must be mindful of the purposes served by the indictment, including that of enabling the defendant to prepare for trial. *See State v. Farrar*, 361 N.C. 675, 677, 651 S.E.2d 865, 866 (2007) (citation omitted).

Under North Carolina General Statute section 14-318.4(a3), titled "Child abuse a felony,"

> [a] parent or any other person providing care to or supervision of a child less than 16 years of age who intentionally inflicts any serious bodily injury to the child or who intentionally commits an assault upon the child which results in any serious bodily injury to the child, or which results in permanent or protracted loss or impairment of any mental or emotional function of the child, is guilty of a Class C felony.

N.C. Gen. Stat. § 14-318.4(a3) (2006). The evil the legislature seeks to prevent is the performance of a act upon a child, by one charged with the care of the child, inflicting serious bodily injury. *See Id.* § 14-318.4(a3); *see also State v. Hartness*, 326 N.C. 561, 567, 391 S.E.2d 177, 180 (1990) (with the crime of indecent liberties the evil the legislature sought to prevent was the performance of any immoral, improper, or indecent act in the presence of a child for the purpose of gratifying sexual desire). Defendant's intent to commit the act is the gravamen of the offense. *See Hartness*, 326 N.C. at 567, 391 S.E.2d at 180. Whether defendant intended the assault and not the serious bodily injury is immaterial. *See id.*; *see also State v. Chapman*, 154 N.C. App. 441, 445, 572 S.E.2d 243, 246 (2002) ("felonious child abuse does not require the State to prove any specific intent on the part of the accused.") (citation and quotations omitted).[1]

---

1. "Specific-intent crimes are crimes which have as an essential element a specific intent that a result be reached." *State v. Pierce*, 346 N.C. 471, 494, 488 S.E.2d 576, 589 (1997) (citation and internal quotations omitted).

Here, the indictment charges defendant with felony child abuse. It states "defendant . . . unlawfully, willfully, and feloniously did intentionally inflict serious bodily injury" to his child in violation of N.C.G.S. § 14-318.4(a3). The trial court instructed the jury they could find defendant guilty of felonious child abuse if they found that defendant "intentionally inflicted a serious bodily injury to the child or intentionally assaulted the child which proximately resulted in serious bodily injury . . . ."

This jury instruction did not provide the jury with a materially distinct ground on which to find defendant guilty. Defendant has failed to show plain error, and we overrule this assignment of error.

## II

[2] Defendant next questions whether the trial court erred by instructing the jury that it could find the requisite intent supporting felonious child abuse through "actual intent to inflict injury *or* culpable or criminal negligence from which such intent may be implied." (Emphasis added). Citing *State v. Jones*, 353 N.C. 159, 538 S.E.2d 917 (2000), for the proposition that felonious child abuse requires a showing of "actual intent on the part of the perpetrator," *Id.* at 168, 538 S.E.2d at 925, defendant contends the trial court's instructions were in error because the crime of felonious child abuse cannot be proven by culpable or criminal negligence. We disagree.

As previously stated, because defendant failed to object to the jury instructions during trial, we review for plain error. *See Goforth*, 170 N.C. App. at 587, 614 S.E.2d at 315.

Our Supreme Court has stated that in proving felonious child abuse "[t]he State is not required to prove that the defendant specifically intended that the injury be serious." *Pierce*, 346 N.C. at 494, 488 S.E.2d at 589 (citations, internal quotations, and brackets omitted). Moreover, the State is not required to prove any specific intent on the part of the accused. *Chapman*, 154 N.C. App. at 445, 572 S.E.2d at 246. "Specific-intent crimes are crimes which have as an essential element a specific intent that a result be reached." *Pierce*, 346 N.C. at 494, 488 S.E.2d at 589 (citations and internal quotations omitted).

"General-intent crimes are crimes which only require the doing of some act." *Id.* And, though general intent or specific intent crimes require a level of actual intent greater than culpable or criminal negligence, *Jones*, 353 N.C. at 167, 538 S.E.2d at 924, culpable negligence can satisfy the intent requirement for certain crimes, *Id.* at 168-69, 538

S.E.2d at 925. *See State v. Eason*, 242 N.C. 59, 65, 86 S.E.2d 774, 778 (1955) (culpable negligence implying intent sufficient to uphold conviction for assault with a deadly weapon); *State v. Sudderth*, 184 N.C. 753, 114 S.E. 828 (1922) (culpable. negligence can sustain a conviction of manslaughter).

"Culpable or criminal negligence has been defined as such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others." *Jones*, 353 N.C. at 165, 538 S.E.2d at 923 (citation omitted). Defendant argues *Jones* stands for the proposition that felonious child abuse requires a showing of "actual intent on the part of the perpetrator." *Id.* at 168, 538 S.E.2d at 925. However, *Jones* analyzes the *mens rea* required for a conviction of first-degree murder under the felony murder rule and which felonies can support such conviction. *Jones*, 353 N.C. 159, 538 S.E.2d 917. In doing so, *Jones* includes felonious child abuse in a catchall grouping of felonies that, if serving as an underlying felony *for purposes of the felony murder rule*, must be proven with a *mens rea* of specific intent. This does not imply a conviction for felonious child abuse is limited to a showing of actual intent when it is not the predicate offense to first degree murder under the felony murder rule. *Jones* does not hold as defendant would argue, and we do not find any authority which requires a showing of actual intent or a *mens rea* greater than culpable or criminal negligence to convict for felonious child abuse.

As previously discussed, the evil the legislature seeks to prevent with a statute punishing felonious child abuse is the performance of an act upon a child, by one charged with the care of the child, which inflicts serious bodily injury. *See* N.C.G.S. § 14-318.4 (2006). We hold culpable or criminal negligence may satisfy the intent requirement of felonious child abuse.

In the present case, the trial court instructed the jury that

[i]ntent may be actual intent to inflict injury or culpable or criminal negligence from which such intent may be implied. Culpable or criminal negligence is defined as such recklessness or carelessness proximately resulting in injury as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others.

The evidence presented at trial tended to show defendant shook the child in such a manner as to inflict upon the child a subdural

**NATIONWIDE MUT. FIRE INS. CO. v. MNATSAKANOV**

[191 N.C. App. 802 (2008)]

hematoma and bilateral retinal hemorrhages. Defendant has failed to show plain error, and accordingly, we overrule this assignment.

No error.

Judges HUNTER and JACKSON concur.