STATE OF NORTH CAROLINA
v.
NICHOLAS ANTONIO KENNEDY.
No. COA08-877
Court of Appeals of North Carolina
Filed May 5, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General David Gordon, for the State.
Russell J. Hollers, III, for defendant-appellant.
STEELMAN, Judge.
The trial court did not commit plain error in instructing the jury on the elements of felonious child abuse pursuant to N.C. Gen. Stat. § 14-318.4(a). The trial court did not commit plain error when it allowed the admission of defendant's prior assault conviction into the evidence.

I. Factual and Procedural Background
In August of 2001, Lincoln County Department of Social Services ("DSS") received a report that a four-month-old child had been admitted to Carolinas Medical Center with unexplained injuries to his ribs, leg, penis, and brain. Upon questioning, Nicholas A. Kennedy ("defendant"), the child's father, admitted to DSS that he sometimes allowed the child to play in a "bouncy seat," which may have caused the broken ribs. He also admitted to pulling his child's leg out of a car seat, which might account for the broken leg. Finally, defendant admitted that he often throws his son up in the air, which might be the cause of the bruised sternum or broken ribs. At one point, defendant also admitted to a detective that he took "responsibility for everything."
Amid conflicting explanations for the child's injuries, DSS took the child into custody and placed him in foster care, where he experienced no further unexplained injuries. As of 2008, the now seven-year-old child has been adopted. Defendant was charged in 2001 with three counts of felonious child abuse in violation of N.C. Gen. Stat. § 14-318.4(a).
On 28 January 2008, this matter went to trial. Defendant called Ms. Lucinda Hand, his mother-in-law and the child's grandmother, as a witness to testify about what a "great father" defendant was and how "gentle" he was with his children. Defendant also testified on his own behalf that he had a "good relationship" with his son, that he played with him, and that he loved him. He also testified that he never told anyone he hurt his child, and he never intentionally hurt his son nor would he ever intentionally hurt a child. During the State's cross-examination of these witnesses, the State questioned the witnesses about the facts underlying defendant's prior conviction for assault on a female, which involved the child's mother. Defendant failed to timely object to this line of questioning. On 31 January 2008, the jury found defendant guilty on all three charges of felonious child abuse. The trial court determined defendant to be a prior record level II for felony sentencing purposes and entered three consecutive judgments of 23-37 months imprisonment. Defendant appeals.

II. Standard of Review
Defendant failed to timely object at trial to the matters that constitute his assignments of error on appeal. We apply a plain error standard of review. State v. Locklear, 172 N.C. App. 249, 259, 616 S.E.2d. 334, 341 (2005).
The proponent must show that: After reviewing the entire record, it can be said the claimed error is a "fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where the error is grave error which amounts to a denial of a fundamental right of the accused," or the error "has resulted in a miscarriage of justice or in the denial to appellant of a fair trial" or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."
State v. Curry, 171 N.C. App. 568, 574, 615 S.E.2d. 327, 331 (2005) (quotation and alteration omitted), disc. review denied, 360 N.C. 291, 628 S.E.2d 769 (2006). Plain error review is limited to evidentiary rulings and jury instructions. State v. Atkins, 349 N.C. 62, 81, 505 S.E.2d 97, 109 (1998), cert. denied, 526 U.S. 1147, 143 L. Ed. 2d 1036 (1999).

III. Jury Instructions
In his first argument, defendant contends that the trial court committed plain error by instructing the jury on a theory of guilt not alleged in the indictment. We disagree.
The State must charge the correct theory in the bill of indictment in order to put the defendant on notice of the charges against him. State v. Jordan, 75 N.C. App. 637, 639, 331 S.E.2d 232, 233, disc. review denied, 314 N.C. 544, 335 S.E.2d 23 (1985). Therefore, an indictment or criminal pleading should include facts "supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant . . . of the conduct which is the subject of the accusation." Id. at 639, 331 S.E.2d at 233 (quotation omitted). "The failure of the allegations to conform to the equivalent material aspects of the jury charge represents a fatal variance, and renders the indictment insufficient to support that resulting conviction." State v. Oakman, ___ N.C. App. ___, ___, 663 S.E.2d 453, 456 (quotation and alteration omitted), disc. review denied, ___ N.C. ___, 671 S.E.2d 330 (2008).
N.C. Gen. Stat. § 14-318.4(a) (2007) provides that a defendant is guilty of felonious child abuse if he or she "intentionally inflicts any serious physical injury upon or to the child or who intentionally commits an assault upon the child which results in any serious physical injury to the child . . . ."
In this case, the indictments charged that defendant "unlawfully, willfully and feloniously did intentionally inflict serious injury" upon his son, including a fractured right tibia, fractured fourth right rib, and fractured sixth, seventh, eighth, ninth, and tenth left lateral ribs. The child was 4 and 5 months old at the time, which makes him under 16 years of age in compliance with N.C. Gen. Stat. § 14-318.4(a).
At trial, the jury was instructed that in order to find defendant guilty of felonious child abuse, it must find defendant "intentionally inflicted a serious physical injury to the child or intentionally assaulted the child which proximately resulted in serious physical injury . . . ."
Defendant asserts that the indictments in this case only alleged the first theory of guilt under N.C. Gen. Stat. § 14-318.4(a) and did not include the theory of intentionally committing an assault on a child which results in physical injury. Defendant contends that he is entitled to a new trial.
This Court addressed the same issue involving felonious child abuse in the recent case of State v. Oakman, supra. We hold that the analysis set forth in Oakman controls this case.
In Oakman, the defendant was charged with felonious child abuse under N.C. Gen. Stat. § 14-318.4(a3). The indictment alleged that defendant "unlawfully, willfully, and feloniously did intentionally inflict serious bodily injury" to his child. Id. at ___, 663 S.E.2d at 456. "The trial court instructed the jury that they could find defendant guilty of felonious child abuse if they found that [he] `intentionally inflicted a serious bodily injury to the child or intentionally assaulted the child which proximately resulted in serious bodily injury . . . .'" Id. This Court held that this instruction "did not provide the jury with a materially distinct ground on which to find the defendant guilty," and that the defendant had failed to show plain error. Id. at ___, 663 S.E.2d at 457.
While the instant case was brought under subsection (a) of N.C. Gen. Stat. § 14-318.4 rather than subsection (a3), the only difference between the subsections is that (a3) refers to "serious bodily injury" rather than "serious physical injury." N.C. Gen. Stat. § 14-318.4(a) and (a3). For purposes of this analysis, the difference in wording is irrelevant. Under the express holding of Oakman, defendant cannot show plain error.
Defendant further argues: "The trial court instructed the jury that it could find Mr. Kennedy guilty by relying on the theory of `culpable negligence[.]' . . . Because the crime of [felonious] child abuse requires a showing of actual intent, this instruction was in error." We hold that this argument is a gross mischaracterization of the trial court's instructions.
The trial court charged the jury on the intent element of felonious child abuse as follows: "And third, that the defendant intentionally inflicted a serious physical injury to the child or intentionally assaulted the child which proximately resulted in serious physical injury to the child."
At the charge conference, defendant requested an instruction on accident, it being defendant's theory of the case at trial that any injuries sustained by the child were accidental. The trial court held that the evidence supported such an instruction and gave an instruction on accident as follows:
When evidence has been offered that tends to show that the alleged assault was accidental and you find that the injury was, in fact, accidental, the defendant would not be guilty of any crime, even though his acts were responsible for the victim's injury. An injury is accidental if it is unintentional, occurs during the course of lawful conduct and does not involve culpable negligence.
Culpable negligence is such gross negligence or carelessness as imparts a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others.
The trial court went on to charge the jury that it was the State's burden to prove beyond a reasonable doubt that the victim's injury was not accidental.
Defendant's argument to this Court is predicated upon the incorrect assertion that the trial court charged the jury that they could convict defendant of felonious child abuse based upon culpable negligence and not actual intent. This argument is made by lifting the instruction on culpable negligence contained in the accident portion of the charge out of context, and representing to this Court that the jury was instructed on this as an element of felonious child abuse. The trial court merely defined culpable negligence in the context of the requested accident instruction in accordance with N.C.P.I. Crim. 307.11.
We note that defendant does not allege that the trial court erred or committed plain error with respect to the accident instruction. The only argument is that the trial court's instruction allowed the jury to convict defendant based on culpable negligence and not intent. We hold this argument to be meritless.

IV. Prior Conduct
In his second argument, defendant contends that the trial court committed plain error by admitting into evidence the facts of defendant's prior conviction of assault on a female. We disagree.
Defendant alleges that the admission of his prior conviction violated Rule 609 because it exceeded the proper scope of inquiry established in State v. Lynch, 334 N.C. 402, 432 S.E.2d 349 (1993). He then argues that the admission violated Rules 403 and 404(b) because the probative value of the evidence was outweighed by its prejudicial effect. Finally, defendant asserts that the evidence of his prior conviction constituted hearsay and was impermissibly admitted in violation of Rule 802.
We note that the questions regarding defendant's prior conviction constitute only a small portion of the State's cross-examinations. During the cross-examination of Ms. Hand, defendant's mother-in-law and the child's grandmother, the Assistant District Attorney asked Ms. Hand only two questions pertaining to the conviction. Ms. Hand was asked whether she was aware of accusations by her daughter, Ms. Danielle Hoyle, who was the child's mother and defendant's wife, that defendant committed acts of domestic violence toward Ms. Hoyle in front of the child as well as the couple's two other children. An objection to a third question was sustained, and the State did not ask further questions. When the State cross-examined defendant, he was asked whether he had been convicted of assault on a female against his wife in Catawba County in April of 2003. The Assistant District Attorney then asked, "Did that involve striking her with your fist about the head and body, leaving a knot on the left side of her head[?]" Defense counsel objected, the trial court sustained the objection, and the State ended its cross-examination.
Even assuming arguendo that any portion of this testimony was inadmissible, we hold that defendant cannot meet his heavy burden of showing that the asserted error had a probable impact on the jury's determination of guilt. The evidence presented at trial included that defendant admitted to a detective that he "pinched" his son's penis to stop him from urinating on him after a bath. Defendant also told the detective that he took "[full] responsibility for everything." In addition, an expert in pediatric radiology testified that the child's rib and leg fractures were all in different stages of healing. The expert further stated that in his opinion "these were inflicted injuries," which were "[i]nflicted at different times and caused by mishandling of the child." A second expert in pediatrics testified that the child suffered multiple fractures and bleeding of the brain as a result of being "shaken to the point where the ribs were cracked" and the brain bled.
Given the minimal nature of the examination asserted to be plain error, the trial court's sustaining of the objections to further questions, and the plenary evidence presented at trial, we hold that the jury would not have reached a different verdict had evidence concerning defendant's prior assault conviction not been admitted. Curry, 171 N.C. App. at 574, 615 S.E.2d. at 331. Defendant has failed to carry his burden of showing the trial court committed plain error.
Defendant failed to argue his remaining assignments of error, and they are deemed abandoned. N.C.R. App. P. 28(b)(6) (2008).
We note the trial court erroneously entered judgments against defendant pursuant to N.C. Gen. Stat. § 14-318.4(a3). Defendant was indicted for felonious child abuse under N.C. Gen. Stat. § 14-318.4(a) and the jury found defendant guilty of these offenses. The trial court correctly sentenced defendant for each of his Class E felonies. Accordingly, this matter is remanded to the trial court for the limited purpose of correcting these clerical errors in judgments 01 CRS 5795-97.
NO ERROR AT TRIAL. REMANDED FOR CORRECTION OF CLERICAL ERROR IN THE JUDGMENTS.
Judges GEER and STEPHENS concur.
Report per Rule 30(e).